HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME JULIUS BROWN,

    Plaintiff,

    v.

SHERYL L. WALTER, et al,

    Defendants.

Case No.  19-cv-01865-RAJ

ORDER

This matter comes before the Court *sua sponte*.  For the following reasons, the Court **DISMISSES** *pro se* Plaintiff Jerome Julius Brown's complaint with leave to amend.  Dkt. # 5.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915.  The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").  A complaint is frivolous if it lacks a basis in law or fact.  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

ORDER – 1

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Plaintiff's complaint is largely unintelligible but lists certain U.S. court employees and magistrate judges as defendants. Plaintiff's perfunctory description of his claims are insufficient to enable the Court to assess their merits or Plaintiff's underlying legal theory. Nonetheless, Plaintiff's claims may be barred by absolute judicial immunity. It is well established that judges are absolutely immune from liability for acts "done by them in the exercise of their judicial functions." *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). As the Ninth Circuit has stated, a judge remains immune from suit even if the action she took was in error, done maliciously, or in excess of her authority. *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). The exception, of course, is that judicial immunity does not extend to acts taken in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Additionally, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (collecting cases).

ORDER – 2

Even after construing all allegations in the light most favorable to Plaintiff and giving due deference to his *pro se* status, the Court finds that complaint fails to state a claim showing he is entitled to relief.  For the reasons stated above, the Court **DISMISSES** Plaintiff's complaint with leave to amend.  Dkt. # 5.  Plaintiff has 14 days following the entry of this order to file an amended complaint.  If he does not file an amended complaint by such time, the Court will dismiss this action with prejudice.

DATED this 22nd day of April, 2020.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3